UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-73-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| $2,300.00 in U.S. Currency, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the *pro se* Petition to Release Property [DE-15] filed by Torrey Devon Williams ("Williams"). The Government has filed a Response [DE-16] in opposition. This matter is now ripe for adjudication.

On April 5, 2011, Williams was sentenced to a total of one hundred eighty (180) months imprisonment upon a plea of guilty, pursuant to a plea agreement, to possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. On May 9, 2011, the Government filed a complaint seeking the forfeiture of twenty three hundred dollars ($2,300) seized from Williams. On January 4, 2012, Williams was personally served with the complaint.

On January 31, 2012, Williams filed an unverified claim asserting an interest in the defendant property. Subsequently, on March 8, 2012, the Government sent a letter advising Williams that the claim filed was not adequate, as it was not verified, and that an answer must also be filed to the specific allegations in the complaint. The Government further stated that both actions would need to be taken by March 19, 2012. On March 13, 2012, Williams filed a verified claim pursuant to Supplemental Rule G(5) of the Federal Rules of Civil Procedure. However, Williams failed to file

an answer within twenty one (21) days of the now-properly verified claim as required by Supplemental Rule G(5)(b). Therefore, the Government, on April 18, 2012, sent another letter advising Williams that an answer to the specific allegations in the complaint must be filed, now extending the deadline to April 27, 2012. On April 26, 2012, Williams requested an extension of time to respond, which was allowed on May 31, 2012. Williams had until June 29, 2012, to file such answer. Williams failed to respond by this date, but on July 2, 2012, filed this instant motion seeking the release of the defendant property.

Supplemental Rule G(8)(d) provides for the filing of a petition to release property under 18 U.S.C. § 983(f). However, seizure of currency of the type specified in the complaint are specifically excluded from release under 18 U.S.C. § 983(f)(8)(A). Accordingly, the Petition to Release Property [DE-15] filed by Williams is **DENIED**.

The court recognizes, however, that Williams' various *pro se* filings [DE-9; DE-11; DE-15] indicate a desire to contest the current forfeiture. As noted previously, the Government has already advised Williams on two separate occasions that he must file an answer to the specific allegations in the complaint, but he has failed to do so. However, given Williams' *pro se* status, the court will allow him ***one last opportunity*** to file an answer to the specific allegations in the complaint. Williams should file his answer to the complaint on or before **September 14, 2012. Failure to do so will result in the entry of default.**

SO ORDERED.

This the 1st day of August, 2012.

James C. Fox
JAMES C. FOX
Senior United States District Judge

2