UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-73-F

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| $2,300.00 in U.S. Currency, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on a motion by the *pro se* claimant seeking the release of the Defendant seized currency, pursuant to 18 U.S.C. § 983(f), and also seeking appointment of counsel. The Government has responded to the motion.

In a handwritten document [DE-20], Claimant Torrey Williams asks the court "to release property [pursuant to] 18 U.S.C. § 983(f)(1)(A),(C)" because he is an "innocent owner" under substantial hardship. Title 18, United States Code Section 983(f) does provide for the release of seized property during the pendency of a civil forfeiture action if certain conditions are met; however, the statute also specifically states that release of seized property is not allowed where the property is currency. 18 U.S.C. § 983(f)(8). Here, Williams seeks the release of United States Currency, which is unavailable under the plain terms of § 983(f). Accordingly, his motion seeking the release of seized property is DENIED.

In that same document, Williams also asks the court to either appoint an attorney to represent him in this proceeding, or inform an attorney previously appointed to represent him in post-conviction proceedings in a criminal action, Case No. 5:10-CR-178-1BR, about the claim he has asserted herein. The Government opposes any appointment of counsel. Under the applicable statute:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.

18 U.S.C. § 983(b)(1)(A). In this case, the Government does not challenge Williams' assertion that he is indigent. Rather, the Government asserts that Williams is no longer being represented by counsel appointed by § 3006A in connection with a related criminal case, and therefore there is no counsel whom the court may authorize to represent him in this action. The court agrees.

In the related criminal action, 5:10-CR-178-1BR, Williams was represented by counsel appointed under 18 U.S.C. § 3006A throughout his Rule 11 hearing, sentencing, appeal of his conviction and sentence, and the adjudication of his post-conviction motion under 28 U.S.C. § 2255. None of those appointed attorneys, however, continue to represent Williams in the criminal case. There is no counsel appointed under § 3006A, therefore, whom the court may appoint to represent Williams as a claimant in this action. *See Ghali v. United States*, No. 11-10427, 2011 WL 6780900 at *5 (5th Cir. Dec. 27, 2011) (per curiam)(concluding that because the claimant as sentenced in related criminal case several years prior to seeking appointed counsel in his civil forfeiture action, he was not entitled to appointed counsel under § 983(b)(1)(A)). His motion to appoint counsel is therefore DENIED.

SO ORDERED.

This the 2ᵈ day of November, 2012.

*JAMES C. FOX*
Senior United States District Judge